

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JUDY CONWAY, on behalf of plaintiff and a class, | ) ) Case No. 15-cv-8486 |
| Plaintiff, | ) ) Judge: Ronald A. Guzman |
| v. | ) ) |
| GRABOWSKI LAW CENTER, LLC and CRAIG HOUSER, | ) ) ) |
| Defendants. | ) ) |

## **PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the Unopposed Motion of Plaintiff, Judy Conway for Preliminary Approval of Class Settlement Agreement and Notice to the Class in the above-captioned matter (the "Litigation"). The Parties have submitted a Class Settlement Agreement executed on April 18, 2016, the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. The Court finds that, upon preliminary review, the proposed Class Settlement Agreement ("Agreement") (Exhibit A to Plaintiffs' Motion) appears to be fair, reasonable and adequate and grants preliminary approval to it, pending a final hearing as provided herein.

2. For the purposes of settlement only, the Court preliminarily and conditionally certifies a class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as:

> All natural persons: (a) from whom Craig Houser through Grabowski Law Center, LLC attempted to collect money, (b) on account of a nursing home contract, (c) where the person did not sign the nursing home contract as "responsible party" or "guarantor" and (d) was not the spouse of the resident, (e)

1

where any collection activity occurred within one year prior to the filing of this action.

3. The Court preliminarily finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes in that:

(a) there are 172 potential members of the class, such that the class is so numerous that joinder is impracticable;

(b) the claims of the class representative are typical of those of the other members of the class;

(c) there are questions of fact and law that are common to all members of the class; and

(d) the class representative will fairly and adequately protect the interests of the class and has retained counsel experienced in class action litigation who have and will continue to adequately represent the class.

4. The Court preliminarily finds this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes because (i) a settlement class is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the settlement class predominate over any questions affecting only individual members.

5. Plaintiff, Judy Conway, is preliminarily appointed as class representative.

6. Edelman Combs Latturner & Goodwin, LLC is preliminarily appointed as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

7. Pursuant to Federal Rules of Civil Procedure 23, a final hearing on the fairness, reasonableness and adequacy of the Settlement Agreement and whether final approval

shall be given to it will be held before this Court on **September 7, 2016** for the following purposes:

 (a) to finally determine whether this action satisfies the criteria for class certification set forth in Federal Rule of Civil Procedure 23(a) and (b);

 (b) to determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

 (c) to determine whether a final judgment should be entered granting final approval to the Agreement and dismissing the claims against Defendants with prejudice;

 (d) to consider the application of Plaintiffs' counsel for an award of attorneys' fees and expenses, and for individual awards to the class representative;

 (e) to hear any objections to the certification of the Settlement Class, the proposed settlement, and/or the award of attorney's fees, expenses, and incentive award; and

 (f) to rule upon other such matters as the Court may deem appropriate.

 8. The Court approves the proposed form and substance of notice (<u>Exhibit B</u> to Plaintiff's Motion), to be delivered by Class Counsel via U.S. mail to the identified members of the class. Class Counsel will arrange to deliver notice to class members on or before **June 14, 2016** and, upon this Court's entry of an Order Granting Final Approval of Class Settlement, Class Counsel will arrange for payments to be distributed pursuant to Paragraph 12 of the Settlement Agreement.

 9. The Court finds that the Settlement Agreement's plan for notice to the proposed class members is the best notice practicable under the circumstances and is the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

10. Any class members who seek to receive consideration provided under the settlement must timely return the claim form which will be provided with the Notice, by **August 15, 2016**, as provided for in the notice. Any class members who seek to be excluded from the settlement by opting out must submit a request for exclusion to Class Counsel and Defense Counsel by **August 15, 2016**, at the address provided for in the notice.

11. Class members shall have until **August 15, 2016** to enter an appearance or object to the proposed settlement. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and mail a copy to Class Counsel and defense counsel shown below by **August 15, 2016**, at the following addresses:

<u>For the Court:</u>
Office of the Clerk
U.S. District Court for the Northern District of Illinois
Eastern Division,
219 S. Dearborn Street,
Chicago, IL 60604

<u>For Class Counsel:</u>
Sarah M. Barnes
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603

<u>For Defense Counsel:</u>
Jason L. Santos
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601

12. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors who have filed written objections to

the settlement may also appear at the hearing and be heard on the fairness of the settlement. Any objector who desires to appear and be heard at the fairness hearing must indicate his or her intent to do so in writing at least five (5) business days prior to the date of the fairness hearing, either as part of the objector's written objection or by separate filing with the Court.

        13.     Plaintiff, by and through Class Counsel, may file memoranda in support of final approval of the Agreement prior to the fairness hearing. Any submissions must be filed no later **August 31, 2016** (7 days before the fairness hearing). Class Counsel shall file preliminary fee petition no later than **July 24, 2016**, no less than 21 days prior to the deadline for exclusions set forth in Paragraph 10 of this Order.

        14.     Defendant shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) ("CAFA"), no later than **May 9, 2016**, ten (10) days from the filing of Plaintiff's Motion for Preliminary Approval, and shall file proof of its CAFA compliance not later than **August 24, 2016,** no less than fourteen (14) days before the Fairness Hearing. The Court finds that defendants may satisfy the notice requirements of CAFA by delivering notice of this settlement to the United States Attorney General and the Attorney General of the State of Illinois.

        15.     If this Agreement is not finally approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, then:

- a. the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Agreement's termination or disapproval;

- b. this Action will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made; and

5

    c.       Plaintiff and Defendants will revert to all procedural and substantive rights they had as of the date of execution of the Agreement.

16. In the event that persons and/or entities in the Settlement Class submit valid and timely requests to opt out or exclude themselves from the settlement and such requests total more than 10% of the class otherwise subject to the Class definition, Defendants will have the right at its sole discretion to rescind this Agreement, by giving appropriate notice to the Court and plaintiff's counsel.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement until such time as the Court grants final approval of this class action settlement and dismisses this case with prejudice.

**BY THE COURT:**

_Ronald A. Guzman_
Honorable Ronald A. Guzman
United States District Court

6/2/2016
Date

6